UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| United Electrical, Radio & Machine Workers of America, and Local 506, United Electrical, Radio & Machine Workers of America,<br><br>    Plaintiffs,<br>vs.<br><br>General Electric Company,<br><br>    Defendant. | Civil Action No.:  1:18-cv-330 |

### Complaint to Confirm and Enforce Arbitration Award

**AND NOW,** comes the Plaintiffs, United Electrical, Radio & Machine Workers of America (UE)(Plaintiff National) and Local 506 of the United Electrical, Radio & Machine Workers of America (Plaintiff Local), by and through their attorneys, Irene Donna Thomas, Esq., and file this Complaint to Enforce Arbitration Award.

### I.  PARTIES

1. Plaintiff National is an unincorporated labor organization having offices at One Gateway Center, Suite 1400, Pittsburgh, PA 15222.  Plaintiff National represents employees in various job classifications in Pennsylvania and throughout the United States.

2. Plaintiff Local is also an unincorporated labor organization having offices at 3923 Main Street, Erie, PA 16511.

3. Defendant, General Electric Company (GE), is a supplier of equipment, services and solutions to the rail, mining, marine, stationary power and drilling industries having offices at 2901 East Lake Road, Bldg. 14, Erie, PA 16531.

### II.  JURISDICTION AND VENUE

4. This action arises under and this Court has jurisdiction over this cause of action, pursuant to § 301 of the Labor Management Relations Act, as amended, 29 U.S.C. § 185. Moreover, this action involves an actual controversy between the parties and this Court is,

therefore, vested with the power to render a declaratory judgment and grant the other relief herein prayed for by the provisions of the Declaratory Judgment Act, as amended, 28 U.S.C. §§ 2201, 2202.

5. Venue is proper in this Court under 29 U.S.C. §§ 185(a) and 185( c).

### III. CAUSE OF ACTION

6. Paragraphs 1 through 5 are incorporated by reference as though fully set forth herein.

7. On September 1, 2015, Plaintiff National and Defendant General Electric Company executed a written national collective bargaining agreement for the period June 22, 2015 to June 23, 2019, containing *inter alia,* wages, hours and other terms and conditions of employment of employees of the Defendant. A copy of the national agreement is attached hereto and made a part hereof and marked as "Exhibit A."

8. Plaintiff Local is authorized to institute this action on behalf of Plaintiff Local relative to an arbitration award rendered by Arbitrator Christopher E. Miles, as set forth in paragraph 14 below.

9. Under Article XVI (16) of the national agreement, [a]ny dispute or grievance shall be taken up in accordance with the [grievance procedure]." In addition, "either party may, at the appropriate step of the grievance procedure, introduce grievances of a general nature or general questions of interpretation or application of [the] agreement."

10. Article 16.3.b of the national agreement provides that in discipline cases, "[i]n the event it is determined that an employee has been improperly penalized, he will be reimbursed for any loss of wages sustained as a result of the imposition of the penalty."

11. Article XVII (17) of the national agreement provides for arbitration of grievances which have not been resolved by the parties.

12. Article 17.4 of the national agreement provides, inter alia, that "[t]he award issued by an arbitrator shall be final and binding on the parties[.]"

13. After executing the national collective bargaining agreement, a controversy arose between Plaintiff National/Local and Defendant concerning the termination of employee Michael

1  Rowan on or about December 19, 2016.

2      14. To resolve the dispute involving Mr. Rowan, the union filed a grievance which
3  remained unresolved after resorting to the contractual grievance procedure in accordance with the
4  terms of Article 16, Grievance Procedure.

5      15. Plaintiff National/Local and Defendant selected Arbitrator Christopher E. Miles to
6  arbitrate the dispute.

7      16. On January 31, 2018, Arbitrator Miles presided over a hearing regarding Mr.
8  Rowan's termination. Plaintiff National/Local and Defendant attended the hearing and presented
9  evidence in support of their respective positions.

10      17. The issue to be determined at the hearing was whether the Company established just
11  cause as required by the Agreement for the discharge of Mr. Rowan."

12      18. On April 16, 2018, Arbitrator Christopher E. Miles, Esquire, issued an Opinion and
13  Award on the grievance filed by Plaintiff Local concerning the Notice of Termination issued to
14  Mr. Rowan. Arbitrator Miles delivered a copy of his Award to Plaintiff National/Local and
15  Defendant. A copy of Arbitrator Miles' Award is attached hereto and made a part hereof and
16  marked as "Exhibit B."

17      19. As noted in "Exhibit B (page 17)," Arbitrator Miles ruled that "the grievance filed on
18  [Mr. Rowan's] behalf is sustained. He held that the Notice of Termination for unacceptable
19  attendance was without "just cause." He further ruled that "[t]he Grievant shall be reinstated to
20  his employment and made whole for lost wages and benefits." Arbitrator Miles did not make a
21  provision in his Opinion and Award for any other deduction or for mitigation.

22      20. Upon receipt of the award, by letter dated April 30, 2018, GE asked Plaintiff Local to
23  provide it with "information to verify and quantify any mitigating outside income during the
24  period December 19, 2016 through May 4, 2018." A copy of the April 30, 2018 letter is attached
25  hereto and made a part hereof and marked as "Exhibit C."

26      21. Representatives of the Plaintiff Local demanded that GE comply with the Award.
27  Responding to the April 30, 2018 letter, Plaintiff Local, by Leo Grzegorzewski, UE 506 Chief

28   Complaint to Confirm and Enforce Arbitration Award

1 | Steward, declined to provide the information because "the union does not believe any
2 | compensation Mr. Rowan received during the time he was terminated and rehired has any
3 | bearing on this case. Furthermore, the company never requested mitigation of any compensation
4 | Mr. Rowan might have received during this time be deducted from his award. We believe Mr.
5 | Rowan is entitled to all lost wages and benefits due him for this period of time." A copy of Mr.
6 | Grzegorzewski's letter to GE is attached hereto and made a part hereof and marked as "Exhibit
7 | D."

8 |     22. Again, by letter dated May 15, 2018, GE requested information for the purpose of
9 | mitigating the back pay due to Mr. Rowan. A copy of the May 15, 2018 letter is attached hereto
10 | and made a part hereof and marked as "Exhibit E."

11 |     23. By letter dated May 25, 2018, counsel for GE, Daniel M. Miller, contacted Arbitrator
12 | Christopher E. Miles requesting that the Arbitrator direct Plaintiff Local to provide the requested
13 | information "so that GE can verify and quantify any mitigating outside income in order to
14 | calculate back pay and make the grievant whole." A copy of the May 25, 2018 letter is attached
15 | hereto and made a part hereof and marked as "Exhibit F."

16 |     24. By letter dated May 25, 2018, Plaintiff Local opposed GE's request to Arbitrator
17 | Miles noting that the he was without jurisdiction to consider GE's request due to issuance of a
18 | final and binding arbitration award, the fact that at no point during the proceedings did GE raise
19 | the issue of mitigation and, therefore, GE waived its mitigation arguments. A copy of the UE's
20 | May 25, 2018 letter is attached hereto and made a part hereof and marked as "Exhibit G."

21 |     25. On June 14, 2018, Plaintiff Local, again, contacted GE and asked that it "quickly
22 | issue Mr. Rowan the make whole relief directed by Arbitrator Miles." Plaintiff Local observed
23 | that "[Mr. Rowan] is entitled to a check for all back wages and benefits he is due because of his
24 | unjust termination – without any portion of the award subtracted as alleged "mitigation." A copy
25 | of the June 14, 2018 letter is attached hereto and made a part hereof and marked as "Exhibit H."

26 |     26. By letter dated June 28, 2018, Mr. Miller on behalf of GE stated that "[w]e have
27 | made it clear that we disagree with this position [the UE's "make whole" position]...." and that
28 |

the UE either "notify Arbitrator Miles that he should interpret his Award, or simply provide the unemployment compensation and interim earnings information so this matter can be resolved." A copy of the June 28, 2018 letter is attached hereto and made a part hereof and marked as "Exhibit I."

27. By letter dated July 2, 2018, John Thompson, a representative of Plaintiff National on Plaintiff Local's behalf, reminded Mr. Miller of Arbitrator Miller's award directing GE to make Mr. Rowan "whole for lost wages and benefits" and that during the arbitration proceedings leading to the award, GE "did not assert that any back pay awarded to Mr. Rowan should be mitigated by 'any outside income.'" Therefore, the UE again requested that GE issue Mr. Rowan a check for all back wages and benefits he is due because of his unjust termination – without subtraction of alleged mitigation. A copy of the July 2, 2018 letter is attached hereto and made a part hereof and marked as "Exhibit J."

28. GE has failed to and continues to fail to comply with the award in all respects in that GE has failed to pay Mr. Michael Rowan full back pay.

**WHEREFORE, Plaintiffs respectfully request that this Honorable Court issue an order:**

**A. Confirming the award made by Arbitrator Christopher E. Miles, dated April 16, 2018;**

**B. Enforcing the final and binding award of Arbitrator Christopher E. Miles, dated April 16, 2018,**

**C. Directing the entry of judgment on the award in favor of Plaintiff National/Local and against Defendant General Electric Company for a "make whole" remedy for lost wages and benefits, together with legal interest from April 16, 2018;**

**D. Awarding Plaintiff National/Local attorney's fees and costs of this action; and**

**E. Granting order such other relief as this Court deems proper.**

Respectfully submitted,

Dated this 23rd day of October, 2018

X _____

Irene Donna Thomas, Esq. (81781)

c/o United Electrical, Radio & Machine Workers of America (UE)

One Gateway Center, Suite 1400

Pittsburgh, PA 15222

(412) 471-8919 x 119

idt.esq@gmail.com