IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| United Electrical, Radio & Machine | § | |
| Workers of America, and Local 506 | § | |
| United Electrical, Radio & Machine | § | |
| Workers of America, | § | |
| Plaintiffs. | § | Civil Action No. 1:18-cv-330 (SPB) |
| | § | |
| v. | § | |
| | § | |
| GENERAL ELECTRICAL COMPANY, | § | |
| Defendant. | § | |
| | § | |
| | § | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT
OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Irene Donna Thomas, Esq.
Attorney for Plaintiffs
One Gateway Center, Suite 1400
Pittsburgh, PA 15222
(412) 471-8919 x 119
ithomas@ueunion.org

# TABLE OF CONTENTS

Preliminary Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Issues . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    Point I . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    The arbitrator's award is not ambiguous; therefore, remand to the arbitrator for
    clarification is not appropriate . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    A.     Arbitrator Miles' award is not ambiguous . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    B.     An arbitrator's make-whole remedy is not ambiguous . . . . . . . . . . . . . . . . . . . 9

    Point II . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

    The arbitrator's words should be read according to plaintiff's interpretation . . . . . . . . 13

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

# TABLE OF AUTHORITIES

*Cases*

*APWU, Brooklyn Local v. USPS,* No. 88-CV-1974, 1989 WL 35953,
    (E.D.N.Y. March 29, 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*APWU, Philadelphia, PA Area Local v. USPS,* 222 F.Supp.2d 675
    (E.D. Pa. Aug. 27, 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 16

*APWU v. USPS,* No. 00-CV-817 (S.D. Cal. Aug. 8, 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 16

*Bensalem Park Maint., Ltd. v. Metro. Reg'l Council of Carpenters,*
    11-cv-2233, 2011 WL 2633154 (E.D. Pa. July 5, 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Brotherhood of Locomotive Engineers and Trainmen v. BNSF Railway Company,*
    549 Fed. Appx. 780 (10th Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Brotherhood of Locomotive Engineers and Trainmen v. Union Pacific R.R.,*
    822 F. Supp.2d 793 (N.D. Ill. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Brotherhood of Ry. Carmen of U.S. and Canada, AFL-CIO v. Belt Ry. Co. of*
    *Chicago,* 658 F. Supp. 136 (N.D. Ill. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Brown v. Witco Corp.,* 340 F.3d 209 (5th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Carden v. Westinghouse Electric Corp.,* 850 F.2d 996 (3d Cir. 1988) . . . . . . . . . . . . . . . . . . . . 14

*Colonial Penn Ins. Co. v. Omaha Indem. Co.,* 943 F.2d 327 (3d Cir. 1991) . . . . . . . . . . . . 6, 7, 8

*Coppage v. USPS,* 119 F.Supp.2d 1375 (M.D. Ga. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Craig v. Y & Y Snacks, Inc.,* 721 F.2d 77 (3d Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*District 1199C, Nat'l Union of Hosp. and Health Care Employees, AFL-CIO v.*
    *Genesis Healthcare,* 08-cv-1791, 2008 WL 5116899 (D. N.J. Dec. 2. 2008) . . . . . . . . . . 9

*Elwell v. USPS,* 06-cv-1449, 2007 WL 1075130 (D.S.C. Apr. 6, 2007) . . . . . . . . . . . . . . . . . . 10

*Fashauer v. New Jersey Transit Rail Operations, Inc.,* 57 F.3d 1269 (3d Cir. 1995) . . . . . . . . 14

*Glenn Distributors Corp. v. Carlisle Plastics, Inc.,* 297 F.3d 294 (3d Cir. 2002) . . . . . . . . . . . 14

*Hanson v. Chesapeake and Ohio Railway Company*, 412 F.2d 631 (4th Cir. 1969) . . . . . . . . . 8, 9

*Hart v. Overseas Nat'l Airways, Inc.*, 541 F.2d 386 (3d Cir. 1976) . . . . . . . . . . . . . . . . . . . . . . 8

*Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Int'l Bhd. of Teamsters, Local 81 v. CBF Trucking, Inc.*, 09-cv-5525,
    2010 WL 2400400, 2010 U.S. Dist. LEXIS 57386 (D.N.J. June 10, 2010) . . . . . . . 11, 12

*Int'l Union of Operating Engineers, Local 465 v. ABM Gov. Svs., LLC*,
    16-cv-299, 2017 WL 1592516 (E.D.N.C. Apr. 28, 2017) . . . . . . . . . . . . . . . . . . . . . . . . 12

*Int'l Union of Operating Engineers, Local 841 v. Murphy Co.*, 82 F.3d 185 (7th Cir. 1996) . . . 12

*James Dairy Farm v. Local No. P-1236*, 760 F.2d 173 (7th Cir. 1985) . . . . . . . . . . . . . . . . . . . . 17

*Jones v. Consol. Rail Corp.*, 800 F.2d 590 (6th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Koppers Co. Inc. v. Aetna Cas. & Sur. Co.*, 98 F.3d 1440 (3d Cir. 1996) . . . . . . . . . . . . . . . . . 14

*Kutner Buick, Inc. v. Am. Motors Corp.*, 868 F.2d 614 (3d Cir. 1989) . . . . . . . . . . . . . . . . . . . . 14

*Marval Poultry Co. v. UFCW Local 400*, 819 F.2d 1138 (4th Cir. 1987)

*Mass. Bay Transp. Auth. v. M.B.T.A. Exec. Union, Local 9501*, 06-1501-E
    2008 Mass. Super. LEXIS 180 (Superior Ct. Mass. July 2, 2008) . . . . . . . . . . . . . . . . . 12

*NLRB v. Gullett Gin Co.*, 340 U.S. 361 (1951) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Piggly Wiggly Operators' Warehouse, Inc. v. Piggly Wiggly Operators
    Warehouse Independent Truck Drivers Union, Local 1*,
    611 F.2d 580 (5th Cir. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Pittsburgh Metro Area Postal Workers Union, AFL-CIO v. USPS*,
    No. 95-1706, 1997 U.S. Dist. LEXIS 12582 (W.D. Pa. May 12, 1997) . . . . . . . . . . . . . 10

*Pittsburgh Metro Area Postal Workers Union, AFL-CIO v. USPS*,
    938 F.Sup.2d 555 (W.D. Pa. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 10, 11

*S. J. Groves & Sons Co. v. Warner Co.*, 576 F.2d 524 (3d Cir. 1978) . . . . . . . . . . . . . . . . . . . . . 15

*Teamsters Local Union No. 764 v. J. H. Merritt & Co.*, 770 F.2d 40 (3d Cir. 1985) . . . . . . 16, 17

*Trustmark Ins. Co. v. Clarendon Nat'l Ins. Co.,* 09-cv-1673, 2009 WL 4043110,
    2009 U.S. Dist. LEXIS 109414 (N.D. Ill. Nov. 20, 2009) . . . . . . . . . . . . . . . . . . . . . . . . 12

*UFCW, Local 400 v. Marval Poultry Co.,* 645 F. Supp. 1174 (W.D. Va. 1986) . . . . . . . . . 17, 18

*United Auto., Aerospace & Agric. Implement Workers of Am. Local 149 v.*
    *Abex Friction Prod. Div., Pneumo Abex Corp.,* 94-cv-0043-H,
    1995 WL 130914 (W.D. Va. Mar. 10, 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United Steelworkers of America v. American Mfg. Co.,* 363 U.S. 564 (1960) . . . . . . . . . . . . . . 6

*United Steelworkers of America v. Enterprise Wheel and Car Corp.,*
    363 U.S. 593 (1960) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United Steelworkers of America, AFL-CIO-CIC v. Interspace Corp.,*
    *Shenango China Div.,* 447 F. Supp. 387 (W.D. Pa. 1978) . . . . . . . . . . . . . . . . . . . . . . . 9

*United Steelworkers of America v. Smoke-Craft, Inc.,* 652 F.2d 1356 (9th Cir. 1981) . . . . . . . 18

*United Transportation Union v. Southern Pacific Transportation Co.,*
    59 F.2d 691 (5th Cir. 1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United Transp. Union. v. Union R. Co.,* 13-cv-1535, 2014 WL 1612670
    (W.D. Pa. Apr. 22, 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

### *Statutes*

Labor Management Relations Act, 29 U.S.C. § 173 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| United Electrical, Radio & Machine | § | |
| Workers of America, and Local 506 | § | |
| United Electrical, Radio & Machine | § | |
| Workers of America, | § | |
| Plaintiffs. | § | Civil Action No. 1:18-cv-330 (SPB) |
| | § | |
| v. | § | |
| | § | |
| GENERAL ELECTRICAL COMPANY, | § | |
| Defendant. | § | |
| | § | |
| | § | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT
OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

**AND NOW,** comes the Plaintiffs, the United Electrical, Radio & Machine Workers of

America (hereafter "Plaintiff National") and Local 506, United Electrical, Radio & Machine

Workers of America (hereafter "Plaintiff Local" or "Local 506")(collectively, the "UE"), by and

through their attorney, Irene Donna Thomas, Esq., and submits this Memorandum of Law in

Support of their Motion for Summary Judgment.

**PRELIMINARY STATEMENT**

The heart of the matter is this: whether the arbitrator's remedy award is ambiguous. An

ambiguous award can be remanded to an arbitrator while an unambiguous award may not. All

Pennsylvania federal district courts hold that an arbitrator's award issuing make-whole relief is

not ambiguous. Nonetheless, GE claims that the arbitrator's award in this case is ambiguous

because the arbitrator did not address the question of mitigation in his award-- although GE never

asked that he do so. GE waived its opportunity to argue mitigation and offsets before the

1

arbitrator and now wants a do-over.  Despite GE's claim of an ambiguity, without support from an extraneous but objectively ascertainable fact, the company requests that the award of Arbitrator Miles be remanded to him based on a self-injected ambiguity which undermines the meaning of the phrase "final and binding."  This Court should not remand this matter to the arbitrator for clarification.  This Court should adopt the UE's interpretation of the award and direct GE to pay the back pay liability without mitigation or other offsets.

## BACKGROUND

On October 23, 2018, the UE filed this action to confirm and enforce the arbitration award of Arbitrator Christopher Miles.  Arbitrator Miles sustained a grievance concerning the discharge of GE employee Michael Rowan.  He directed that Mr. Rowan be reinstated to his job and made whole for lost wages and benefits.

In the Complaint, the UE asserts that the defendant failed to comply with the Arbitrator's final and binding award in that it failed to make Mr. Rowan whole for his lost wages and benefits.  Specifically, the UE challenged GE's intent to deduct outside income, from the grievant's make whole award.  In response, GE denied the allegation and essentially argued in its numerous "additional defenses" that the arbitrator's award is ambiguous because it does not address mitigation, offsets or past practices which permit it to make such reductions.  The UE asked this Court to enter orders confirming and enforcing the Arbitrator's award.

On February 5, 2019, this court held a Case Management Conference during which this court directed the parties to address the following issues in their summary judgment motions:

1)	whether or not it is appropriate to have the parties return to the Arbitrator to clarify his decision, and

2

2)     if not, whether the Arbitrators words should be read as to Plaintiff's interpretation or Defendant's interpretation.

UE now files its Motion for Summary Judgment along with a separate Statement of Undisputed Facts and a Memorandum of Law in Support of Plaintiffs' Motion for Summary Judgment.

## STATEMENT OF FACTS

The UE and GE are parties to a national collective bargaining agreement, effective for the period June 22, 2015 to June 23, 2019.  Article 16 of the parties' agreement provides that contract disputes between the parties must be resolved through the contractual grievance procedure.  The "Arbitration" language of Article 16 provides for the arbitration of unresolved grievances and states that the arbitrator's award is final and binding.  Article 16.1, .4.

Mr. Rowan worked for General Electric for 11.5 years as an Assembler.  SUF ¶ 17 (Ex. B at 6).  On December 19, 2016, the defendant fired Mr. Rowan for "unacceptable attendance."  SUF ¶ 11.  Local 506 filed a grievance protesting the termination as being without "just cause."  SUF ¶ 12.  The grievance requested that Mr. Rowan be made whole for all lost benefits.  SUF ¶ 12.

GE denied the grievance at each step of the grievance procedure.  SUF ¶ 13.  The union demanded arbitration.  SUF ¶ 14.  Pursuant to the agreed upon procedure, the parties selected Arbitrator Christopher E. Miles to hear and decide the dispute.  SUF ¶ 15.

On January 31, 2018, Arbitrator Miles held a hearing concerning the Rowan discharge.  SUF at 16.  During the hearing, the parties stipulated before the Arbitrator that the issue to be decided  was "whether the Grievant was discharged for just cause.  If not, what shall the remedy

3

be?" SUF at 17.  Before the arbitrator, GE did not argue or present evidence to show that it was

entitled to mitigation, reductions for outside income or other offsets.  SUF ¶ 18.  In its post-

hearing submission, the union requested that the Arbitrator make Mr. Rowan "whole" for any and

all losses" due to his discharge.  SUF ¶ 19.  The union also requested that the arbitrator retain

jurisdiction.  *Id.*  GE did not raise the remedy issue in its post-hearing submission and did not ask

the arbitrator to retain jurisdiction.  SUF at 19.

On April 16, 2018, Arbitrator Miles issued an Opinion and Award sustaining the union's

grievance and holding that GE fired Mr. Rowan without "just cause."  SUF ¶ 20.  He found that

GE violated the collective bargaining agreement when it fired Mr. Rowan.  SUF ¶ 21.  He

directed GE to reinstate Mr. Rowan to his job and that he be "made whole for lost wages and

benefits."  SUF at 22.  Arbitrator Miles did not retain jurisdiction over the grievance.  SUF ¶ 23.

On April 30, 2018, after receipt of Arbitrator Miles' Opinion and Award, GE demanded that

Local 506 provide it with specific, identified information so that "any outside income during [the

period of Mr. Rowan's unemployment with GE could] be subtracted from compensation owed."

SUF ¶ 24.  Leo Grzegorzewski, Chief Steward of Local 506, declined to provide the information

asserting that "any compensation Mr. Rowan received during the time he was terminated and

rehired has [no] bearing on this case."  SUF ¶ 25.  Mr. Grzegorzewski further argued that

mitigation is improper because the company "never requested mitigation of any compensation

Mr. Rowan might have received during [the relevant time] be deducted from his award."  SUF ¶

26.

GE reinstated Mr. Rowan to his job on May 5, 2018.  SUF ¶ 28.  Mr. Rowan's total back

pay period was December 19, 2016 to May 4, 2018.  *Id.*  After additional correspondence

4

between the parties did not resolve the back pay dispute, on May 25, 2018, Mr. Miller, on GE's behalf, contacted Arbitrator Miles by letter.  SUF ¶ 29.  Mr. Miller asked the Arbitrator to "direct" Local 506 "to provide the requested information to GE so that GE can verify and quantify any mitigating outside income in order to calculate back pay and make the grievant whole."  SUF ¶ 29.  GE also suggested that Arbitrator Miles hold a conference call between the parties to discuss the matter of verifying and mitigating outside income to calculate back pay and to make the grievant whole, SUF ¶ 30.

The UE vigorously opposed GE's efforts.  The union argued that Arbitrator Miles did not have jurisdiction to direct the UE to provide the requested information after issuance of a final and binding award where he did not retain jurisdiction.  SUF ¶ 31.  The UE also argued that GE waived the opportunity to raise the issue of mitigation.  *Id.*

GE has failed to and has continues to refuse to comply with Arbitrator Miles' Opinion and Award by failing to make Mr. Rowan whole for all loss of wages sustained as a result of his discharge without reductions or offsets.  SUF ¶ 32.

## ISSUES

*Issue One*: Whether or not it is appropriate to have the parties return to the Arbitrator to clarify his decision.

Plaintiff respectfully submits that the answer to this question is, "no."

*Issue Two*: If not, whether the Arbitrator's words should be read as to Plaintiffs' interpretation or Defendant's interpretation.

Plaintiff respectfully submits that the Arbitrator's words should be read according to UE's interpretation.

5

## ARGUMENT

## POINT I

## THE ARBITRATOR'S AWARD IS NOT AMBIGUOUS; THEREFORE REMAND TO THE ARBITRATOR FOR CLARIFICATION IS NOT APPROPRIATE

The Labor Management Relations Act, 29 U.S.C. § 173, provides that "[f]inal adjustment by a method agreed upon by the parties is declared to be the desirable method for settlement of grievance disputes arising over the application or interpretation of an existing collective bargaining agreement."  This "policy can be effectuated only if the means chosen by the parties for settlement of their differences under a collective bargaining agreement is given full play." *United Steelworkers of America v. American Mfg. Co.*, 363 U.S. 564, 566 (1960).  If an arbitrator's award is subject to judicial review or reconsideration by an arbitrator, the policy of ensuring "final adjustment" of a dispute would be meaningless because "in reality it would almost never be final."  *See e.g., Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 562-563 (1976); *See* Article 16.4 ("[t]he award issued by an arbitrator shall be final and binding on the parties.").  Thus, an arbitrator's award is entitled to deference.  *United Steelworkers of America v. Enterprise Wheel and Car Corp.*, 363 U.S. 593, 599 (1960).

When it comes to arbitral remedies, an arbitrator has broad discretion to "reach a fair resolution of a problem." *Id.* at 597.  Therefore, remand to arbitrators for clarification of his award should be used sparingly–under limited circumstances, *Colonial Penn Ins. Co. v. Omaha Indem. Co,* 943 F.2d 327, 333-334 (3d Cir. 1991).  clarification is appropriate where needed to correct a mistake apparent on the face of an award, where the award fails to adjudicate an issue submitted to, but overlooked by the arbitrator, and where the arbitrator must clarify his award

6

due to an ambiguity that "although seemingly complete, leaves doubt whether the submission has been fully executed." *Colonial Penn,* 943 F.2d at 332.

### A.    *Arbitrator Miles' award is not ambiguous*

So, when is an arbitrator's remedy award ambiguous?  A party's mere assertion that an award is ambiguous is not dispositive**.**  "An award does not become so vague and indefinite as to be unenforceable simply because a party can argue that a portion of it may be unclear or ambiguous." *Brotherhood of Ry. Carmen of U.S. and Canada, AFL-CIO v. Belt Ry. Co., of Chicago,* 658 F. Supp. 136, 139 (N.D. Ill. 1987), *citing United Transportation Union v. Southern Pacific Transportation Co.,* 59 F.2d 691, 693 (5th Cir. 1976).  "Generally speaking, an arbitration award for "full back pay" is not ambiguous on its face simply because it fails to address whether the award is to be offset by a grievant's interim earnings or a grievant's failure to mitigate his damages by taking reasonable steps to seek interim employment." *Brown v. Witco Corp.*, 340 F.3d 209, 216 (5th Cir. 2003).  An ambiguity "'manufactured by a party' is not a ground for refusing to enforce an award." *Brotherhood of Locomotive Engineers and Trainmen v. Union Pacific R. R.,* 822 F. Supp.2d 793, 798 (N.D. Ill. 2011), *see also Pittsburgh Metro Area Postal Workers Union, AFL-CIO v. USPS,* 938 F. Supp.2d 555, 564-565 (W.D. Pa. 2013)(holding that a self-generated dispute cannot be considered a difference as to "calculation" or "interpretation.").

Moreover, "[a]bsent clear evidence of ambiguity, remand is not proper simply because one party believes an arbitrator must have meant to reach a different result.  The fact that two parties disagree over the meaning of an award is not evidence that an award is ambiguous, and a party cannot generate the type of collateral dispute requiring remand simply by deciding to litigate.  Otherwise, arbitrator's awards would be subject to constant attack, and the national labor

7

policy favoring the binding and conclusive nature of arbitrator's decisions would be undermined." *United Auto., Aerospace & Agric. Implement Workers of Am., Local 149 v. Abex Friction Prod. Div., Pneumo Abex Corp.*, 94-cv-0043-H, 1995 WL 130914, at *3 (W.D. Va. Mar. 10, 1995). An ambiguity for which a court may remand an award to an arbitrator for clarification may be shown from the face of the award or from an extraneous but objectively ascertainable fact. *Colonial Penn,* 943 F2d at 334.

.       A remedy award requiring ministerial computation is not ambiguous. *Hart v. Overseas Nat'l Airways, Inc.*, 541 F.2d 386 (3d Cir. 1976). In *Hart v. Overseas Nat'l Airways, Inc.,* 541 F.2d 386 (3d Cir. 1976), the Third Circuit considered whether an arbitrator's award directing that a reinstated employee "be made whole for any and all wages, benefits and/or rights" to which he would have been entitled had he not been discharged" was ambiguous. *Id.* at 387. The court held, in that case, that remand was appropriate because the remedy did not require a ministerial computation where the damages awarded "was fatally uncertain and therefore incapable of enforcement" and where additional information was needed to compute the remedy. *Id.* at 392.

In suggesting that the arbitrator's award requiring a "ministerial computation" is not ambiguous, the *Hart* court approvingly cited a Fourth Circuit opinion, *Hanson v. Chesapeake and Ohio Railway Company,* 412 F.2d 631, 633-34 (4th Cir. 1969). In *Hanson,* a panel of neutrals determined that the employer violated the collective bargaining agreement, and directed that the adversely affected employees "be compensated for any and all loss or adverse effect retroactive to the date on which the violation occurred." *Id.* at 632. The court found that the arbitrator's award was sufficiently definite for enforcement, and remand unnecessary, where the court merely had to identify the individuals to receive the award and "translate the neutral's

8

measure of damages into dollars and cents."[1]  *Id.* at 634.  Thus, by citing *Hanson,* the Third

Circuit found that a "damages" award under these circumstances is not ambiguous but requires

only a ministerial computation where there is no question about the relevant information needed

for the computation.  *See also District 1199C, Nat'l Union of Hosp. And Health Care Employees,*

*AFL-CIO v. Genesis Healthcare*, 08-cv-1791, 2008 WL 5116899 (D. N.J. Dec. 2. 2008)(holding

that a district court may enforce the damages portion of an arbitral award if such enforcement

would simply call for a ministerial calculation, citing Hart), *United Steelworkers of Am.,*

*AFL-CIO-CLC v. Interpace Corp., Shenango China Div.*, 447 F. Supp. 387, 390 (W.D. Pa.

1978)(citing *Hart* and observing that the Third Circuit implicitly held that remand is unnecessary

for a back pay award when it can be "ministerially computed."); *Bensalem Park Maint., Ltd. v.*

*Metro. Reg'l Council of Carpenters*, 11-cv-2233, 2011 WL 2633154, at *5 (E.D. Pa. July 5,

2011)(observing that "where all that remains in terms of the remedy is a computation of the

amount of damages, such outstanding issues are typically described as "ministerial" and,

likewise, does not render the award non-final.").  Here, it is undisputed that the back-pay period

is December 19, 2016 to May 4, 2018.  Other than its post-hoc attempt to reduce the award based

upon arguments it did not make during the arbitration hearing, GE has never claimed that it could

not otherwise calculate the make-whole remedy due to Mr. Rowan.  The calculation is

ministerial.

**B.**      ***An arbitrator's make-whole remedy is not ambiguous.***

　　Within the federal courts, the claim that an arbitrator's make-whole remedy is ambiguous

---

[1]The court also held, "[i]f, however, the district court, after considering the merits of the action, decides that the award is too indefinite to be enforced, it may remand the proceedings to the board.  Remand may be on the court's own initiative or on motion of either party.

requiring remand for clarification has been resoundingly rejected   An arbitration award

directing that an employee be made whole for wages and benefits is not ambiguous. *Pittsburgh*

*Metro Area Postal Workers Union,* 938 F.Supp.2d at 563-564.  In *Pittsburgh Metro,* two

discharged postal employees were reinstated to their positions after two different arbitrators

sustained grievances in their favor. *Id.* at 557.  The first arbitrator ruled that the grievant was "'to

be returned to duty with full back pay, seniority, and benefits.'" *Id.* at 557.  The second arbitrator

similarly ruled that the USPS was to "make [the grievant]  whole for lost wages and benefits, less

the time of [her] suspension." *Id.*

The Postal Service asserted that the arbitrator's "make whole" remedy was ambiguous,

due to its prior practice of applying the mitigation provisions of its own Employee and Labor

Relations Manual (ELM) which provides that "back pay is allowed, unless otherwise specified in

the appropriate award or decision, provided the employee has made reasonable efforts to obtain

other employment. *Id.* at 557.  The court noted, however, that at least six federal courts, in

Pennsylvania and in other jurisdictions, rejected the argument that such an award is ambiguous.[2]

The *Pittsburgh Metro* court explained that in each attempt, the courts rejected the claim

that the "make whole" language was ambiguous and, thus, refused, over the USPS's objections,

to resubmit the remedy awards to arbitration. *Id.* at 562.  The court further added that it "is not

---

[2]*Citing APWU, Philadelphia, Pa. Area Local v. USPS*, 222 F.Supp.2d 675 (E.D.Pa.2002)
*Pittsburgh Metro Area Postal Workers' Union v. USPS*, No. 95–1706, 1997 U.S. Dist. LEXIS
12582 (W.D.Pa. May 12, 1997), report and recommendation adopted, 1997 U.S. Dist. LEXIS
15069 (W.D.Pa. June 18, 1997); *APWU v. USPS*, No. 00–CV–817, slip op. (S.D.Cal. Aug. 8,
2000); *APWU, Brooklyn Local v. USPS*, No. 88–C–1974, 1989 WL 35953 (E.D.N.Y. March 29,
1989); *Elwell v. USPS*, C A 06–CV–1449, 2007 WL 1075130 (D.S.C. Apr. 6, 2007); *Coppage v.
USPS*, 119 F.Supp.2d 1375 (M.D.Ga.2000), *reconsideration denied*, 129 F.Supp.2d 1378
(M.D.Ga.2001), *rev'd on other grounds*, 281 F.3d 1200 (11th Cir.2002). *Pittsburgh Metro,* 938
F. Supp. 2d at 562-563.

aware of a single judicial opinion holding otherwise." *Id.* at 563. The court explained that the employer may not, after receiving an award, inject a self-generated ambiguity or uncertainty into an arbitration award where there is no reason to believe there was one to begin with." *Id.* The court held that the terms "full back pay, seniority, and benefits" and "make her whole for lost wages and benefits" carry no ambiguity as to their completeness. *Pittsburgh Metro,* 938 F.Supp.2d at 564.

The *Pittsburgh Metro* court cited non-Postal Service federal courts that refused to find a make-whole remedy ambiguous. *Pittsburgh Metro,* 938 F.Supp.2d at 563, *citing Int'l Union of Bricklayers & Allied Craftworkers, Local 5 v. Inter–State Tile & Mantel Co., Inc.,* 1:07–CV–1150, 2010 WL 2034695 (M.D.Pa. May 18, 2010)(holding that where there was no longer a dispute about the appropriate contribution rate, a "make-whole" remedy was not ambiguous); *Teamsters, Local Union 330 v. Elgin Eby–Brown Co.,* 670 F.Supp. 1393, 1398 (N.D.Ill.1987)(holding that a "make whole" remedy is not ambiguous as to mitigation).

Similarly, an arbitrator's award that does not mention mitigation or offsets is not ambiguous. *Int'l Bhd. of Teamsters, Local 81 v. CBF Trucking, Inc.,* 09-cv-5525, 2010 WL 2400400, 2010 U.S. Dist. LEXIS 57386 (D. N.J. June 10, 2010). In Local 81, the court ruled:

> The arbitrator's decision not to reduce the back pay award for failure to mitigate or
> for any unemployment compensation received by [the grievant] does not
> constitute an evident material miscalculation sufficient to warrant modification.
> [The employer] has cited no authority for the proposition that arbitrators must
> always consider mitigation in awarding back pay. Other courts have held that an
> arbitrator's failure to consider an employee's duty to mitigate was an insufficient
> ground upon which to vacate or decline enforcement of an arbitration award....
>
> Given the large amount of discretion which an arbitrator holds, [the employer] has
> not shown that the failure to provide for mitigation of damages or an offset for
> unemployment compensation in a labor arbitration award constitutes an evident

material miscalculation of figures[.]

*Id.* at *6, 2010 U.S. Dist. LEXIS at *16-17.  *See also  Trustmark Ins. Co. v. Clarendon Nat'l Ins. Co.,* 09-cv-1673, 2009 WL 4043110, 2009 U.S. Dist. LEXIS 109414 (N. D. Ill. Nov. 20, 2009)(holding that the arbitration panel made no mention of setoffs in its award at all, "which works against the defendant."); *United Transp. Union v. Union R. Co.,* 13-cv-1535, 2014 WL 1612670, *5-6 (W.D. Pa. Apr. 22, 2014)(holding that award directing employer to reinstate employee and "pay for lost time in accordance with the terms of the Parties' Agreement" not ambiguous.); *Int'l Union of Operating Engineers, Local 841 v. Murphy Co.,* 82 F.3d 185, 189 (7th Cir. 1996)(observing the rule that "an arbitrator's 'failure to impose a duty to mitigate or to exclude certain benefits from an arbitration award [is to] be understood to mean that none exists.' We assume the award did not mention offsets because none was granted."); *Int'l Union of Operating Engineers, Local 465 v. ABM Gov. Svs, LLC,* 16-cv-299, 2017 WL 1592516 (E.D.N.C. Apr. 28, 2017)(holding that "[t]he courts have been consistent in interpreting and defining [a "full back pay"] command.... [A]n arbitrator's failure to mention offsets in his ruling means that no offset was granted, not that the ruling is ambiguous.  No offset was mentioned, and so the award clearly establishes that no offset was granted.  Moreover, the arbitrator explicitly awarded "full" back pay.  An award of "full back pay" is completely unambiguous and does not allow for any mitigation offset."); *Mass. Bay Transp. Auth. v. M.B.T.A. Exec. Union, Local 9501,* 06-1501-E, 2008 Mass. Super. LEXIS 180, * 8 (Superior Ct. Mass. July 2, 2008)(holding that arbitrator's silence of an award as to offsets is understood to mean that none were intended); *see also, Bh'd of Locomotive Engineers and Trainmen v. BNSF Railway Company,* 549 Fed. Appx. 780, 783 (10th Cir. 2013)(finding no ambiguity in an award stating "claim sustained."  The court

12

held that "it 'left no room for a modification.  It was positive in its form and its effect was unmistakable.  It awarded the whole of the claim.").

Here, Arbitrator Miles issued make-whole relief.  He did not remand the matter of make-whole relief to the parties to discuss or negotiate such that his intervention may still be required.  The unambiguous, ministerial nature of Arbitrator Miles' award is exemplified by the fact that he did not retain jurisdiction over the matter despite the union's request that he do so.  He completed his assignment upon submission of his make-whole award.

In sum, a party's claim that an award is ambiguous is insufficient to make it so.  A make-whole remedy is not ambiguous on its face and the fact that an arbitrator does not mention mitigation or offsets, too, does not make such a remedy ambiguous.  Arbitrator Miles' award requires simple ministerial calculation.  Therefore, remand to the arbitrator is not appropriate.

## POINT II

### THE ARBITRATOR'S WORDS SHOULD BE READ ACCORDING TO PLAINTIFF'S INTERPRETATION

The most forceful factor in upholding the UE's interpretation of the arbitrator's make whole remedy is that GE failed to raise the issue of mitigation, outside earnings or other offsets during the pendency of the arbitration proceedings and, therefore, waived the right to do so later.

In this case, before the hearing began, the parties supplemented the agreement to arbitrate by defining the issues to be submitted to the arbitrator: "whether the Grievant was discharged for just cause?  If not, what shall the remedy be?"  Indeed, the parties *stipulated* to this issue thus granting the arbitrator authority to act on both of the submitted issues.

In the union's grievance, UE requested that the grievant be made whole for all lost

13

"benefits." In its post-hearing submission, the UE requested that the arbitrator issue a make-whole remedy, for any and all losses, to the grievant because of his discharge. GE, on the other hand, said nothing about the remedy, back pay, mitigation, offsets or past practices during the hearing or in its post-hearing submission. The first time GE ever mentioned reducing the back pay award for any reason was after receipt of the award.

GE seemingly takes the position that it is entitled to mitigation or offsets without having to prove that it is entitled to such reductions or the amount of such reductions. But, in the Third Circuit, it is well-settled that the employer bears the burden *to prove* that the grievant failed to exercise reasonable diligence in seeking out other employment. *Glenn Distributors Corp. v. Carlisle Plastics, Inc.*, 297 F.3d 294, 302 (3d Cir. 2002) ("[T]he party who has breached the contract or caused the loss has the burden of showing the losses could have been avoided through the reasonable efforts of the damaged party." (emphasis omitted); *Koppers Co., Inc. v. Aetna Cas. & Sur. Co.*, 98 F.3d 1440, 1448 (3d Cir. 1996) ("Mitigation is an affirmative defense, so the burden of proving a failure to mitigate is on the defendant."); *Fashauer v. New Jersey Transit Rail Operations, Inc.*, 57 F.3d 1269, 1288 (3d Cir. 1995) (holding that the burden of proof "falls on the wrongdoer to show that the damages were lessened or might have been lessened by the plaintiff") (discussing *Jones v. Consol. Rail Corp.*, 800 F.2d 590, 593 (6th Cir. 1986)); *Kutner Buick, Inc. v. Am. Motors Corp.*, 868 F.2d 614, 620 (3d Cir. 1989) (reversing because the trial court incorrectly imposed the burden to "include in the [damages] calculation all offsets which would be proper mitigation of damages" on the plaintiff); *Carden v. Westinghouse Electric Corp.,* 850 F.2d 996, 1004-1005 (3d Cir. 1988)(holding that it "is the defendant's burden to establish that plaintiff failed to mitigate his damages in order to limit successfully a plaintiff's

back pay award. To cut off a back pay award, defendants must prove that the plaintiff did not exercise reasonable diligence in seeking employment substantially equivalent to the position he lost."), *S. J. Groves & Sons Co. v. Warner Co.*, 576 F.2d 524, 529 (3d Cir. 1978) ("The burden of proving that losses could have been avoided by reasonable effort and expense must be borne by the party who has broken the contract."). Similarly, in the Third Circuit and in actions under the National Labor Relations Act, unemployment compensation benefits should not be deducted from a back pay award. *See, e.g., Craig v Y & Y Snacks, Inc.,* 721 F.2d 77, 83 (3d Cir. 1983)(Title VII), *see also NLRB v. Gullett Gin Co.,* 340 U.S. 361, 364 (1951)(holding that state unemployment compensation benefits should not be deducted in computing back pay awards under the National Labor Relations Act).

Since the burden was upon the employer to prove to the arbitrator that an appropriate remedy should consider mitigation, outside earnings and other offsets, it may not now supplement the record after the arbitrator has already considered the merits of the remedy issue. GE never attempted to meet its burden of proof on the mitigation issue, therefore, it cannot now claim that the arbitrator failed to consider it. To allow the employer, after receipt of the award, to supplement the record with information that was available to it at the time of the arbitration, erodes the very purpose of arbitration–expeditious and final disposition of labor disputes. Moreover, such a procedure undermines the parties' incentive to invest in arbitration in the first place and, necessarily (and inappropriately) increases the associated costs.

In this case, GE did not dispute that the question of remedy should be placed before the arbitrator. In fact, as noted above, GE stipulated that the arbitrator should resolve this issue. Despite GE's knowledge that the arbitrator had been authorized to decide the issue of remedy, it

failed to offer a single item of proof concerning its claimed entitlement to reductions. If, as GE contends before this court, it was entitled to make offsets to Mr. Rowan's back pay award on the basis of an alleged "past practice," this argument should have been made before the arbitrator during the hearing. Now, it's too late.

In *Am. Postal Workers Union v. United States Postal Serv.*, 222 F. Supp. 2d 675, 685, (E.D. Pa. Aug. 27, 2002), the court approvingly cited the decision in *American Postal Workers Union v. U.S. Postal Serv.*, No. 00-CV-817, slip op. (S.D. Cal. Aug. 8, 2000) ("*APWU McManis*") that rejected the Postal Service's claim, similar to the one made by GE in this case, that "it [was] the parties' 'practice…to have the Union and employee submit evidence on the issue of back pay, including mitigation of damages, after an arbitrator issues an award for back pay.'" 222 F. Supp.2d at 684-685. The court adopted the *McManis* court's holding that "the Postal Service's failure to raise the issue of mitigation in the underlying arbitration constituted "a waiver of the issue" thus precluding the Postal Service from raising it "in an enforcement proceeding.'" *Id.* GE, like the Postal Service, waived the issue of an alleged "past practice" and mitigation during the arbitration hearing by not raising it and, therefore, is precluded from raising it in this enforcement proceeding. If GE had a past practice argument to assert, it should have made that argument before the arbitrator, but it did not.

GE should be prevented from raising new defenses after the arbitrator's award has issued and utilizing those defenses to move for a new hearing on the merits of the remedy award. In *Teamsters Local Union No. 764 v. J.H. Merritt & Co.*, 770 F.2d 40, 42-43 (3d Cir. 1985), the court recognized "the principle that a party may waive its right to raise on appeal an objection to the decision of an arbitrator when the party failed to address the objection before the arbitrator in

the first instance. *Id.* at 42-43.

In *Teamsters Local Union No. 764,* the employer fired an employee when the parties did not have an agreed upon collective bargaining agreement. About a month later, the parties reached agreement on a contract providing, *inter alia,* for just cause for discipline and submission of the grievance to a Joint Arbitration Board. *Id.* at 41. The union subsequently demanded arbitration of the employee's claimed unfair discharge. *Id.* At the arbitration hearing, the company contested the employee's claim on the merits; but, it did not argue that the Arbitration Board lacked jurisdiction to resolve the dispute. *Id.* But, after the Arbitration Board ruled that the employee be reinstated without back pay, the company argued that the decision was unacceptable but, it still did not argue that the Board lacked jurisdiction to resolve the dispute. *Id.* at 41-42. The company refused to reinstate the employee to his job. *Id.* at 42.

After the union sought confirmation of the Board's decision in court, the company, for the first time, asserted that the Board did not have jurisdiction to hear the dispute. *Id.* Citing *James Dairy Farm v. Local No. P-1236,* 760 F.2d 173, 175 (7th Cir. 1985), for the proposition that "[i]f a party voluntarily and unreservedly submits an issue to arbitration, he cannot later argue that the arbitrator had no authority to resolve it," the Third Circuit held that whether the issue was one of waiver or implied contract, the company was bound by the Board's decision. *Teamsters Local Union No. 764*, 770 F.2d at 43. *See also, UFCW, Local 400 v. Marval Poultry Co.,* 645 F. Supp. 1174, 1180-82 (W.D. Va. 1986), *aff'd Marval Poultry Co. V. UFCW, Local 400,* 819 F.2d 1138 (4th Cir. 1987)(holding that "[w]hether a defense is technically considered to have been waived or that the parties are considered to be estopped from raising it, the result is the same: a party may not raise new legal defenses after the award has been issued." and citing

17

cases).

In *Piggly Wiggly Operators' Warehouse, Inc. v. Piggly Wiggly Operators Warehouse Independent Truck Drivers Union, Local 1,* 611 F.2d 580 (5th Cir. 1980), the employer moved to vacate an arbitrator's award claiming that he lacked jurisdiction to over the dispute. *Id.* at 584. The Fifth Circuit rejected this contention where the employer participated in the arbitration proceeding without questioning arbitrability. *Id.* In *United Steelworkers of America, etc. v. Smoke-Craft, Inc.,* 652 F.2d 1356 (9th Cir. 1981), the court observed:

> Because Smoke-Craft failed to raise before the arbitrator both the question of the propriety of the Steelworkers' individual representation of the aggrieved employees and the question whether a settlement had been reached, we cannot countenance these claims on appeal. *See Kodiak Oil Field Haulers, Inc. v. Teamsters Union Local No. 959*, 611 F.2d 1286, 1290 (9th Cir. 1980) (failure to object to arbitrator's bias in arbitration proceeding waived issue). Smoke-Craft had an affirmative obligation to present to the arbitrator any arguments why the arbitration should not proceed. Parties to arbitration proceedings cannot sit idle while an arbitration decision is rendered and then, if the decision is adverse, seek to attack the award collaterally on grounds not raised before the arbitrator. *See Cook Industries, Inc. v. C. Itoh & Co. (America) Inc.*, 449 F.2d 106, 107-08 (2d Cir. 1971), *cert. denied*, 405 U.S. 921, 92 S. Ct. 957, 30 L. Ed. 2d 792 (1972). To rule otherwise would be to thwart the national labor policy of encouraging the expeditious private arbitration of labor disputes without resort to the courts. *Mogge v. District 8, International Association of Machinists*, 454 F.2d 510, 513 (7th Cir. 1971); *see generally United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 596-97 (1960).

*Id.* at 1360. "Such afterthoughts should not form the basis of continued, protracted litigation in federal courts." *UFCW, Local 400,* 645 F. Supp. At 1181.

This precedent, as applied to this case, stands for the proposition that GE cannot raise in this enforcement action arguments that it did not put before the arbitrator in the first instance. Because GE did not argue that it was entitled to reductions in the back pay remedy and because it did not place evidence in the record to show that it was entitled to such reductions, it cannot do

18

so now.  Because GE's arguments have been waived, this court should adopt the UE's

interpretation of the arbitrator's unambiguous award.

## CONCLUSION

For the reasons stated herein, this court should find that remand to the arbitrator is

inappropriate and that this court should adopt the UE's interpretation of the arbitrator's make-

whole relief and order GE to make the ministerial computation required and to add interest at the

federal rate due to an unjustified refusal to make the required payment.  Moreover, because GE's

challenge to enforcement of Arbitrator Miles' award is unjustified based solely on arguments that

it failed to raise in arbitration, the UE respectfully requests that this Court permit an award of

attorney's fees and costs.[3]

Respectfully submitted,

Irene Donna Thomas, Esq.
Attorney for Plaintiffs
One Gateway Center, Suite 1400
Pittsburgh, PA 15222
(412) 471-8919 x 119
ithomas@ueunion.org

---

[3]Because this court limited the summary judgment motions to the two questions cited
above, the UE did not present an argument in favor of attorney's fees and costs in this
memorandum of law.

19