IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED ELECTRICAL, RADIO & MACHINE WORKERS OF AMERICA and LOCAL 506, UNITED ELECTRICAL, RADIO & MACHINE WORKERS OF AMERICA, | ) ) ) ) ) ) |
| Plaintiffs | ) ) |
| v. | ) Civil No. 18-330-E ) |
| GENERAL ELECTRIC COMPANY, | ) ) |
| Defendant | ) |

**MEMORANDUM OPINION**

BLOCH, District J.

Presently before the Court is the Motion for Summary Judgment filed by Plaintiffs United Electrical, Radio & Machine Workers of America and Local 506, United Electrical, Radio & Machine Workers of America ("Plaintiffs" or "Union") (Doc. No. 26) and Defendant General Electric Company's ("Defendant" or "GE") Motion for Summary Judgment (Doc. No. 22). For the reasons set forth herein, Plaintiffs' motion will be granted, and Defendant's denied.

**I.    CASE BACKGROUND**

This is an action brought by Plaintiffs for confirmation and enforcement of an arbitration award. Plaintiffs assert that this Court has jurisdiction over the matter pursuant to § 301 of the Labor Management Relations Act, as amended, 29 U.S.C. § 185, and that the Court has authority to grant the requested relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202. As set forth in the complaint, Plaintiffs seek for the Court to enter an order confirming and enforcing the award of Arbitrator Christopher E. Miles, dated April 16, 2018 ("Arbitration

1

Award" or "Award"), and entering judgment in their favor for a "make whole" remedy for lost wages and benefits, together with legal interest from April 16, 2018. Plaintiffs also seek an award of attorney fees and costs.[1] Defendant filed an answer and affirmative defenses essentially opposing Plaintiffs' requests for relief. The parties have now filed cross-motions for summary judgment, primarily disagreeing on the meaning of the remedy portion of the Award.

## II.  FACTUAL BACKGROUND

There is really no dispute as to the relevant facts in this matter. By way of summary, this dispute arises from the arbitration of a grievance filed by the Union on behalf of GE employee Michael Rowan. GE terminated Mr. Rowan's employment effective December 19, 2016, on the ground of unacceptable attendance, and that same day, the Union filed a grievance on Mr. Rowan's behalf pursuant to the procedures set forth in the parties' Collective Bargaining Agreement ("CBA").[2] GE initially denied the grievance, and the matter was not resolved through the grievance procedures set forth in the CBA. The parties therefore submitted the matter to final and binding arbitration and selected Christopher E. Miles to arbitrate the dispute.

The issues presented to Arbitrator Miles were defined as, "Was the discharge of Michael Rowan for just cause? If not, what shall the remedy be?" (Doc. No. 25, Ex. A at 2, Ex. B at 1). A hearing on the grievance was held on January 31, 2018, during which both parties submitted

---

[1]  Pursuant to the Honorable Susan Paradise Baxter 's February 7, 2019 Order, the summary judgment briefing here was limited to the following questions: 1) whether or not it is appropriate to have the parties return to the Arbitrator to clarify his decision, and 2) if not, whether the Arbitrator's words should be read as to Plaintiffs' interpretation or Defendant's interpretation. (Doc. No. 21). Accordingly, the parties were not instructed to address the issue of attorney fees, and the Court therefore will allow further briefing on that issue after resolving the cross-motions for summary judgment.

[2]  The CBA was entered into by the parties on September 1, 2015, and covered the period from June 22, 2015, through June 23, 2019. The parties have no disagreement as to the salient provisions of the agreement or their application in this case.

2

evidence. The parties subsequently submitted post-hearing briefs. In their brief, Plaintiffs sought for the grievance to be sustained and for Mr. Rowan to be reinstated and "[made] whole for any and all losses." They further asked the arbitrator to retain jurisdiction in regard to disputes concerning the remedy or interpretation of the Award. Defendant sought for the grievance to be dismissed and did not address the issue of an appropriate remedy should the grievance be sustained. Defendant likewise did not address the issue of whether Arbitrator Miles should retain jurisdiction.

The Arbitration Award was issued on April 16, 2018, sustaining the grievance and finding that GE had not established just cause for Mr. Rowan's discharge. It further stated, "The Grievant shall be reinstated to his employment and made whole for lost wages and benefits." (Doc. No. 1, Ex. B at 17). As the parties agree, the Award made no mention of offsets or mitigation in any way. Arbitrator Miles did not indicate that he was retaining jurisdiction over the matter.

GE reinstated Mr. Rowan to his former position effective May 7, 2018, but did not provide any backpay. Instead, by letter to the Union dated April 30, 2018, it requested that the Union provide it with information verifying and quantifying any mitigating outside income earned by Mr. Rowan while his employment was terminated. The Union responded by explaining that it believed that the Award was final and binding and declining to provide the requested information. It further expressed that it did not believe that any compensation received by Mr. Rowan between the time he was terminated and the time he was reinstated had any bearing on the issue of damages and stated that GE had never requested or raised the issue of mitigation. After the Union failed to respond to its renewed request for the information on May 15, 2018, GE contacted Arbitrator Miles, on May 25, 2018, asking him to direct the Union to

3

provide the information it had requested or, alternatively, to participate in a conference call with the parties to discuss the issue. The Union, on that same date, sent a letter to Arbitrator Miles opposing any remand and any request that the arbitrator direct it to provide the requested information and stating its position that Arbitrator Miles had no jurisdiction to consider the issues raised by GE. The arbitrator indicated that he was willing to discuss the issues raised by GE, but he stated that since he had not retained jurisdiction, both parties would need to agree to his involvement for him to intervene. No such mutual agreement was reached between the parties. GE continued to ask the Union for the information it had initially requested, and the Union continued to refuse to provide the information and to insist that GE issue the make whole relief as directed by the Award, No payments were made by GE to Mr. Rowan pursuant to the Award. Finally, on October 23, 2018, Plaintiffs brought the present action seeking enforcement of the Arbitration Award. As noted, the parties have filed cross-motions for summary judgment, and the issues have been thoroughly briefed.

### III. APPLICABLE LEGAL STANDARD

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The parties must support their positions by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson, 477

4

U.S. at 247-48 (emphasis in original). A disputed fact is material if it might affect the outcome under the substantive law. See Boyle v. County of Allegheny, 139 F.3d 386, 393 (3d Cir. 1998) (citing Anderson, 477 U.S. at 247-48). When deciding a motion for summary judgment, the Court must draw all inferences in a light most favorable to the non-moving party without weighing the evidence or questioning the witnesses' credibility.[3] See id, 139 at 393.

## IV. DISCUSSION

As the afore-mentioned facts and legal standard demonstrate, this case is tailor-made for adjudication under Rule 56. The Union's position is that the Arbitration Award contains an unambiguous remedy provision that does not provide for any offset or mitigation. GE, on the other hand, argues that the language in the Award requiring Mr. Rowan to be made whole unambiguously requires a determination as to any relevant offsets. Alternatively, it asserts that the remedy provision of the Award is, in fact, too ambiguous for the Court to fashion an appropriate enforcement order. The parties have no real disagreement over the relevant facts, only over the import and impact of those facts. Ultimately, therefore, the case hinges on the meaning of the remedy portion of the Award, specially the term "make whole for lost wages and benefits" and a determination as to whether this language is too ambiguous to be enforced. The Court finds that the language is not ambiguous and that its clear meaning is consistent with the Union's understanding that the Award does not provide for any offset or mitigation. Accordingly, the Court finds in Plaintiffs' favor.

A court's authority to review an award by an arbitrator appointed pursuant to a collective bargaining agreement is "extremely limited." United Paperworkers Int'l Union v. Misco, Inc.,

---

[3] Here, the Court is addressing cross-motions for summary judgment and, as discussed, there is minimal disagreement as to the relevant facts. Nonetheless, to the extent necessary, the Court has drawn all inferences in a light most favorable to Defendant in deciding to grant Plaintiffs' motion for summary judgment.

5

484 U.S. 29, 37-38 (1987). Nonetheless, district courts have authority to enforce final and binding arbitration awards when one or more parties have failed to comply with the award. See Union Switch & Signal Div. Am. Std. Inc. v. United Elec., Radio & Machine Workers of America, Local 610, 900 F.2d 608, 612-13 (3d Cir. 1990). However, in so doing, a court may not reconsider the merits of the arbitrator's decision. See National Ass'n of Letter Carriers, AFL-CIO v. U.S. Postal Serv., 272 F.3d 182, 185 (3d Cir. 2001). See also United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 596 (1960) ("The federal policy of settling labor disputes by arbitration would be undermined if courts had the final say on the merits of the awards."). Moreover, "when the remedy awarded by the arbitrator[] is ambiguous, a remand for clarification of the intended meaning of an arbitration award is appropriate." Colonial Penn Ins. Co. v. Omaha Indem. Co., 943 F.2d 327, 334 (3d Cir. 1991) (citing Mutual Fire, Marine & Inland Ins. Co. v. Norad Reinsurance Co. Ltd., 868 F.2d 52, 58 (3d Cir. 1989)).

Here, the Court need not engage in any extensive interpretation or reconsider the merits of Arbitrator Miles' decision to enforce the remedy portion of the Award. As the Union asserts, the Award itself contains no language regarding Mr. Rowan's "make whole" remedy being subject to offset or mitigation. While GE argues that the absence of such language is not dispositive, under the circumstances here, the silence of the Arbitration Award on this matter speaks volumes.

As the parties seem to understand, and as the Honorable Lisa P. Lenihan has explained, there is no binding Third Circuit precedent on the issue of whether an arbitrator's silence on the issue of offsets or mitigation unambiguously establishes that such offsets or mitigation do not apply. See United Transp. Union v. Union Railroad Co., Civ. No. 13-1535, 2014 WL 1612670, at *6 (W.D. Pa. Apr. 22, 2014). However, as Judge Lenihan recognized, there is persuasive

6

authority from other courts establishing that where an arbitrator makes no mention of offsets or mitigation, it unambiguously means that no offsets or mitigation were intended. See Automobile Mechanics Local 701 v. Joe Mitchel Buick, Inc., 930 F.2d 576, 578 (7th Cir. 1991); International Union of Operating Engineers, Local 841 v. Murphy Co., 82 F.3d 185, 189 (7th Cir. 1996); Brown v. Witco Corp., 340 F.3d 209, 216 (5th Cir. 2003); International Chemical Workers v. Columbian Chemicals, 331 F.3d 491, 498 (5th Cir. 2003); UBS Financial Servs., Inc. v. Padussis, 842 F.3d 336, 342 (4th Cir. 2016).[4] Again, while not binding, this case law demonstrates that, as a general matter, the absence of language regarding offsets or mitigation unsurprisingly means that none were intended. This is consistent with the general legal principle of *inclusio unius est exclusio alterius*.

However, the Court need not determine whether the exclusion of such language *per se* renders an arbitration award unambiguous as to the matter. Here, the overall context demonstrates that there is no basis for assuming that Arbitrator Miles meant for Mr. Rowan's outside income to be offset against his backpay. As discussed above, Arbitrator Miles did not retain jurisdiction over this matter after issuing his Award, which would imply that he did not anticipate any issues with the remedy, including issues involving offset or mitigation. While his decision not to retain jurisdiction is certainly not dispositive, it does suggest that the remedy

---

[4] GE relies on the earlier Fifth Circuit case of San Antonio Newspaper Guild Local 25 v. San Antonio Light Div., 481 F.2d 821 (5th Cir. 1973), for the proposition that a make whole remedy that fails to address the matter is ambiguous as to whether the award is meant to be offset by interim income. However, as the Fifth Circuit later explained in distinguishing San Antonio Newspaper Guild, that case came to the circuit court in a rather unusual procedural posture where the grievant had been ordered to repay the company for overcompensation by his severance and other interim earnings. See Columbian Chemicals, 331 F.3d at 498-99. Brown and Columbian Circle make it clear that the Fifth Circuit's position is not that an award silent as to offset is ambiguous and that, because of its unique context, San Antonio Newspaper Guild is seen as an outlier.

language of the Award was not intended to create issues that would need to be addressed after the fact.

Moreover, GE did not raise the issue of offset with Arbitrator Miles at all, despite the fact that the appropriate remedy was one of the issues the arbitrator was deciding. Regardless of whether GE's decision not to raise the issue at the hearing or in its post-hearing brief constituted a "waiver" of its right to do so, it does suggest that offset and mitigation were not issues GE deemed to be relevant. Further, the CBA contains no provisions requiring offset or mitigation in connection with a make whole remedy, providing GE with no basis for assuming that the make whole award in this case was subject to offset or that the issue could properly be raised after Arbitrator Miles issued the Award. To the contrary, as the Union has maintained throughout, Article XVI of the CBA provided that "[t]he award issued by an arbitrator shall be final and binding on the parties." (Doc. No. 1, Ex. A at 54). In sum, there is nothing about this case to imply that Arbitrator Miles' silence as to offsets and mitigation was anything other than an intentional exclusion of these issues from the Award.

Despite this context, GE argues that the Award unambiguously provides for offset of the backpay award because offsets are required by law in connection with a make whole remedy. In so asserting, GE maintains that there is a universal principle, at least in labor and employment law, that a make whole remedy is not intended to make the aggrieved party *more than* whole, and therefore that interim outside income must be deducted from the award. However, as the Union points out, in attempting to establish this universal principle, GE relies on case law interpreting employment discrimination statutes such as Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq. The courts in those cases were considering the application of statutory language

8

specific to those Acts.[5] The cases do not establish that offsets and mitigation are legally required in all labor and employment cases and in no way provide a basis for how to interpret the meaning of a make whole remedy that is silent as to the matter.

GE also attempts to establish that the parties have a pattern of addressing issues regarding remedy after the issuance of an arbitration award, citing a case from approximately one year prior to the one at issue here, involving the same parties and an employee named Nathan Trout. In that case, Arbitrator Matthew M. Frankiewicz declined to hear testimony regarding damages during the hearing, stating, "My practice is when I sustain a grievance to say something along the lines of make whole without defining how many dollars that translates to." (Doc. No. 25, Ex. 4 at 7). In his April 11, 2017 decision, he expressly left to the parties, in the first instance, "the calculation of the appropriate backpay, while retaining jurisdiction against the possibility that they may not be able to agree." (Id. at 11). This was because there remained an unresolved issue as to whether Mr. Trout would have been laid off during the time he was not working even if he had not been discharged. (Id.). However, the circumstances of the 2017 arbitration with Arbitrator Frankiewicz establish neither a pattern of addressing remedy issues after the issuance of an arbitration decision nor the assumption that backpay is to be offset by outside income.

Indeed, even Arbitrator Frankiewicz identified what he did as his own practice, and not necessarily the practice of the parties. Moreover, he did not rely on any assumptions that he would be addressing remedy matters after issuing his decision; he specifically indicated that this was a possibility and retained jurisdiction so as to be able to do so. This is in stark contrast to the circumstances of the instant case. In short, the evidence and law presented by GE establishes

---

5     Title VII, for instance, expressly provides: "Interim earnings or amounts earnable with reasonable diligence by the person or persons discriminated against shall operate to reduce the back pay otherwise allowable." 42 U.S.C. § 2000e-5(g)(1). As noted above, the CBA contained no equivalent language.

9

that a make whole remedy *can* be offset or subject to mitigation, not that it should be assumed to be. Requiring that backpay be offset, as GE asserts, is not uncommon, but that is not what happened here.

Accordingly, the Court will enforce the plain language of the Arbitration Award that provides simply that Mr. Rowan be made whole for lost wages and benefits. Since a computation of this amount should raise no more than "ministerial" issues, this in no way renders the Arbitration Award ambiguous. See District 199C v. Genesis Healthcare, Civ. No. 08-1791 (NLH), 2008 WL 5116899, at *2 (D. N.J. Dec. 2, 2008) (citing Hart v. Overseas Nat'l Airways, Inc., 541 F.2d 386, 391 (3d Cir. 1976)).

## V.  CONCLUSION

Therefore, for the reasons set forth herein, the Court finds that no genuine issues of material fact exist, and that Plaintiffs are entitled to judgment as a matter of law. Accordingly, the Court will enter judgment in their favor and order that the Arbitration Award be enforced consistent with this memorandum opinion. An appropriate order will be issued.

    s/Alan N. Bloch
Alan N. Bloch
United States District Judge

Date:  March 31, 2020

ecf:  Counsel of Record