IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED ELECTRICAL, RADIO & MACHINE WORKERS OF AMERICA and LOCAL 506, UNITED ELECTRICAL, RADIO & MACHINE WORKERS OF AMERICA,<br><br>         Plaintiffs<br><br>         v.<br><br>GENERAL ELECTRIC COMPANY,<br><br>         Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil No. 18-330-E<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION**

BLOCH, District J.

Presently before the Court is the Motion for Attorney Fees and Costs filed by Plaintiffs United Electrical, Radio & Machine Workers of America and Local 506, United Electrical, Radio & Machine Workers of America ("Plaintiffs" or "Union") (Doc No. 45). Defendant General Electric Company ("Defendant" or "GE") filed its response in opposition (Doc. No. 49), to which Plaintiffs filed a reply (Doc. No. 50) and Defendants a sur-reply (Doc. No. 51). Plaintiffs' motion is fully briefed and ripe for decision. For the reasons set forth herein, Plaintiffs' motion will be denied.

**I.     BACKGROUND**

Plaintiffs brought this action for confirmation and enforcement of the award of Arbitrator Christopher E. Miles, dated April 16, 2018 ("Arbitration Award" or "Award"). The Arbitration Award sustained a grievance filed by the Union, directing reinstatement of a GE employee,

1

Michael Rowan. The Award stated that "[t]he Grievant shall be reinstated to his employment and made whole for lost wages and benefits." (Doc. No. 1, Ex. B at 17). The Award was issued on April 16, 2018, and GE reinstated Mr. Rowan to his former position on May 2, 2018.

After Mr. Rowan's reinstatement, a dispute arose over whether the "make whole" remedy awarded to Mr. Rowan should be offset based on income Mr. Rowan may have earned during the time that his employment was terminated. The Award itself made no mention of offsets or mitigation. Before paying Mr. Rowan's backpay, GE requested that the Union provide information verifying and quantifying any mitigating income. The Union declined to provide such information and asserted that the "make whole" remedy did not provide for mitigation or offsets. GE renewed its request, and the Union failed to respond. On May 25, 2018, GE asked Arbitrator Miles to direct the Union to provide the requested information or, alternatively, to participate in a conference call to discuss the issue. The Union informed Arbitrator Miles that it opposed any remand or request that it provide information regarding mitigation, asserting that Arbitrator Miles no longer had jurisdiction and that the Award was final and binding.

Plaintiffs brought this action under Section 301(a) of the Labor-Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185, to enforce the Arbitration Award and seeking an order directing GE to pay Mr. Rowan's backpay without mitigation. For the reasons set forth in this Court's memorandum opinion, Plaintiffs' motion for summary judgment was granted (Doc. Nos. 42, 43). Plaintiffs now seek an award of attorney fees and costs.

## II.    APPLICABLE LEGAL STANDARD

"In the United States, the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser." *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247 (1975). "Under the American rule, each party normally must bear the burden of its own legal

expenses, including attorneys' fees. One narrow exception to this general rule is a finding that the losing party litigated in bad faith, vexatiously, or for oppressive reasons." *Mobil Oil Corp. v. Independent Oil Workers Union*, 679 F.2d 299, 305 (3d Cir. 1982); *Kane Gas Light and Heating Co. v. Int'l Broth. of Firemen and Oilers, Local 112*, 687 F.2d 673, 683 (3d Cir. 1982) (holding that "the fact that the Company challenged the arbitrator's award on the merits is not by itself sufficient to justify a grant of attorney's fees to the party seeking enforcement of the award"); *Mead Corp., Mead Packaging Div. v. Int'l Printing and Graphic Commc'ns Union, Bristol Local 497, AFL-CIO*, 572 F. Supp. 786, 795 (E.D. Pa. 1983) (finding that the plaintiff company acted in good faith when it promptly challenged an arbitration award in court, rather than simply refusing to comply). "In suits to compel one party to submit to arbitration or abide by an award, fees are generally awarded if the defaulting party acted without justification, or if the party resisting arbitration did not have a 'reasonable chance to prevail.'" *Wilkes Barre Hosp. Co., LLC v. Wyoming Valley Nurses Ass'n Pasnap*, 453 Fed. App'x 258, 261 (3d Cir. 2011) (quoting *Chauffeurs, Teamsters and Helpers, Local Union No. 765 v. Stroehmann Bros. Co.,* 625 F.2d 1092, 1094 (3d Cir.1980)).

*Mobil Oil Corp.* is particularly instructive in illustrating this standard.  In that case, the defendant union sought an award of attorneys' fees on the basis that the plaintiff company's action to vacate an arbitration was without justification. *Mobil Oil Corp.*, 679 F.2d at 305. The Third Circuit Court of Appeals found that, though the company's challenge to the award was unsuccessful, its position was not so lacking in merit as to justify an award of attorneys' fees and costs. *Id*. The Court noted that the company acted promptly to challenge the arbitration award, demonstrated a good faith belief in the strength of its arguments, presented a substantial legal

3

issue, and did not have a history of refusing to comply with arbitration awards. *Id*. As discussed below, the situation is similar here.

### III. DISCUSSION

Plaintiffs argue that GE acted in bad faith when it withheld Mr. Rowan's backpay, asserting that GE knew or should have known that its position regarding offsets and mitigation was not supported by the law. Plaintiffs argue that a simple review of the relevant law shows that GE's position was not justified, and that GE's attempt to mitigate Mr. Rowan's backpay was intended to delay implementation of the "make whole" remedy. GE responds that it did not act in bad faith, pointing to the parties' past practice of calculating offsets and mitigation to a "make whole" remedy after the issuance of an arbitration award ordering reinstatement of an employee. GE also asserts that it presented its legal arguments in good faith and that its position was consistent with common practice in labor arbitration.

Upon review of the record, the Court finds no evidence that GE acted in bad faith. After the Award was issued, GE promptly reinstated Mr. Rowan to his position. After reinstating Mr. Rowan, GE promptly sought the information necessary to calculate offsets in order to make Mr. Rowan whole for lost wages. Despite the Union's argument that GE's request for information was a pretext for delaying payment of Mr. Rowan's backpay, it appears that GE was acting in accordance with the parties' past practice. After the Union refused GE's request for information, GE also made a good-faith attempt to seek guidance from Arbitrator Miles in order to resolve the dispute, to which the Union objected.

In addition, GE's position regarding mitigation and offsets was not completely unjustified. Upon review of the parties' briefing at the summary judgment stage, it is apparent that GE exhibited a good-faith belief in the strength of its arguments. The issue before the Court at the

summary judgment stage was whether an arbitrator's silence on the issue of offsets or mitigation unambiguously establishes that such offsets or mitigation do not apply. (Doc. No. at 6). As discussed in this Court's opinion, there is no binding Third Circuit precedent on the issue. GE presented plausible arguments, accompanied by relevant case law, to support its position that the Award was ambiguous with respect to offsets and that the issue should be remanded to arbitration. That GE's arguments were ultimately unsuccessful does not mean that they were completely unjustified. *Mobil Oil Corp.*, 679 F.2d at 305. Furthermore, there is no evidence in the record to suggest that GE engaged in any malicious or otherwise inappropriate litigation tactics or that GE has a history of failing to comply with arbitration awards. Considering all of the factors discussed herein, the Court cannot find support for the assertion that GE acted in bad faith.

## IV.     CONCLUSION

Therefore, for the reasons set forth herein, the Court finds that Plaintiffs are not entitled to an award of attorneys' fees and costs. Accordingly, Plaintiffs' Motion for Attorney Fees and Costs will be DENIED. An appropriate order will be issued.

/s/Alan N. Bloch
Alan N. Bloch
United States District Judge

Date: December 7, 2020

ecf: Counsel of Record